LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ROBERTO JOSEPH, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

|  |  |
|---|---|
| Plaintiff, | Case No.: |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| WATCH GUARD 24/7 LLC d/b/a WATCH GUARD 24/7, JOHN RAFFERTY, and MICHELE RAFFERTY | Jury Trial Demanded |
| Defendants. | |

---

Plaintiff ROBERTO JOSEPH ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant WATCH GUARD 24/7 LLC ("Corporate Defendant") JOHN RAFFERTY, and MICHELE RAFFERTY ("Individual Defendants" and with Corporate Defendants collectively, the "Defendants" or "Watch Guard") states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving; (2) liquidated damages; and (3 ) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, unpaid overtime, due to time-shaving; (2) spread of hours premiums; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

3.     Defendants operate a security and private investigation company under the name "WATCH GUARD 24/7," which provides services to both commercial and residential sites.  Such sites include construction sites, schools and higher education, houses of worship, warehouse and manufacturing companies, hospitality security, and aged care facilities throughout New York and New Jersey.  *See* **Exhibit A** and **Exhibit B**.

4.     Plaintiff, putative collective members, and putative class members are current and former of Defendants, who were victims of Defendants' schemes to underpay employees. Specifically, Defendants improperly paid non-exempt employees only for their scheduled hours and/or rounded employees' hours down to deprive employees of their earned compensation.  As Defendants offer round-the-clock services at their secured sites, Defendants would schedule their employees' shifts to run "back-to-back," so theoretically each of Defendants' sites would have continuous security. For example, if a 24-hour period had 3 shifts, one guard would be scheduled to the site from midnight to 8:00 am. The second guard from 8:00 am to 4:00 PM. The final guard from 4:00 PM to midnight.  Despite Defendants' schedule not envisioning any overlap between employees, Defendants required security guards to ensure a "relief" guard arrived and was fully debriefed before leaving their post.  As Defendants only paid for scheduled shifts and/or rounded employees' time, this overlapping period between security personnel was always unpaid. Defendants require employees to stay past their shift to (i) wait for the incoming employee to arrive on site, and (ii) then required the departing employee to debrief the arriving employee before

2

leaving.  Defendants' improper pay practices are designed to, and in fact do, result in a windfall of improperly retained unpaid compensation owed to Plaintiff, putative collective plaintiffs, and putative class members.

5.      Additionally, Defendants failed to compensate Plaintiff, putative collective members, and putative class members for their earned spread of hours, and Defendants improperly deducted from employees arriving more than ten (10) minutes late to work a full hour of compensation.

6.      Plaintiff brings this wage and hour class action on behalf of himself, and all similarly situated employees, who during the applicable state and federal limitations periods up to and including the present (the "Class Period"), were similarly underpaid by Defendants in violation of protections afforded under the FLSA and the laws and regulations of the States of New York and New Jersey.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

9.      Plaintiff JOSEPH is a resident of Queens County, New York.

10.      At all times relevant herein, Defendant WATCH GUARD 24/7 LLC was and is a corporation duly organized under and existing by virtue of the laws of the State of New York, with its headquarters located at 34-07 37th Avenue,  Long Island City, NY 11101 and an address for service of process at a branch office located at 71-16 Myrtle Ave, Glendale, NY, 11385.

11.     Individual Defendant, JOHN RAFFERTY, is the Owner and CEO of Watch Guard. JOHN RAFFERTY exercised control over the terms and conditions of the employment of Plaintiff, FLSA Collective Plaintiffs and Rule 23 Class members. JOHN RAFFERTY had the power and authority to (i) fire and hire; (ii) determine rate and method of pay; (iii) determine work schedules; and (iv) otherwise affect the quality of employment, of Plaintiff, FLSA Collective Plaintiffs, and Rule 23 Class members. He also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Rule 23 Class members. He regularly and directly reprimanded any employees who did not perform their duties correctly. Individual Defendant JOHN RAFFERTY ensured that managers implement Defendants' employment policies and pay practices and direct employees to effectively complete their job duties so that Corporate Defendant is operating efficiently and profitably.

12.     Individual Defendant, MICHELE RAFFERTY, is the Executive Vice President and Chief Financial Officer of Watch Guard. MICHELE RAFFERTY exercised control over the terms and conditions of the employment of Plaintiff, FLSA Collective Plaintiffs and Rule 23 Class members. MICHELE RAFFERTY had the power and authority to (i) fire and hire; (ii) determine rate and method of pay; (iii) determine work schedules; and (iv) otherwise affect the quality of employment, of Plaintiff, FLSA Collective Plaintiffs, and Rule 23 Class members. She also had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Rule 23 Class members. She regularly and directly reprimanded any employees who did not perform their duties correctly. Individual Defendant MICHELE RAFFERTY ensured that managers implement Defendants' employment policies and pay practices and direct employees to effectively complete their job duties so that Corporate Defendant is operating efficiently and profitably.

13.     Defendant Watch Guard operates all the sites for which it provides security services through the same executive management team, from the same headquarters with the same policies and procedures.  Each site is engaged in related activities, share common ownership, and have a common business purpose:

a)  Defendants maintain a centralized labor relations and human resources managing employees working at any site for which they provide security services.  For instance, Watch Guard operates a single career page allowing interested persons to apply to positions relating to all sites at which Defendants offer services.  Despite listing open positions at all sites, Watch Guard's career page only offers administrative positions such as human resource positions at a single location, Watch Guard's Headquarters.  *See* **Exhibit B.**

b)  Defendants offer training for potential employees at a single location, their headquarters. *See* **Exhibit C**.

c)  All potential sites are jointly advertised. *See* **Exhibit D** and **Exhibit A**.

d)  Watch Guard maintains the same website, where visitors can obtain information concerning Watch Guard's news, information and updates concerning Watch Guard's corporate affairs. *See* **Exhibit A**.

e)  Employees are interchangeable among Defendants' sites.  Defendants frequently transfer employees to different sites during their employment.  In fact, Plaintiff worked at over five (5) locations throughout New York during his employment.

f)  Defendants' sites all share financials.  Specifically, Defendants requested a single PPP loan from the government during the COVID-19 Pandemic. *See* **Exhibit E**.

14.     At all relevant times, the work performed by Plaintiff was directly essential to the

business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees employed by Defendants, (including security guards, patrol officers, fire safety officers, fire guards, security concierges, vehicle patrol officers) employed by Defendants on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collectives for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendants' policies of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees of by Defendants,

6

(including security guards, patrol officers, fire safety officers, fire guards, security concierges, vehicle patrol officers) employed by Defendants on or after the date that is six (6) years, or the relevant statutory period of each state as applicable by law, before the filing of the Complaint in this case (the "Class Period").

19.     To the extent necessary, Plaintiff will designate subclasses for each of the States where Defendants have employees.

20.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based is within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class. The members of potential subclass employees total over forty (40) in each of the states where Defendants' have employees, including the States of: New York and New Jersey.

22.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay for all hours worked including

overtime premiums, due to Defendants' practice of time-shaving; (ii) failing to provide spread-of-hours premium; (iii) failing to provide Class members with proper wage statements with every payment of wages; and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of New York Labor Law. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendants employed Plaintiff and the Class within the meaning of State's Labor Laws;

b.     What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

c.   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d.   Whether Defendants properly notified Plaintiff and Class members of hourly rate and overtime rate;

e.   Whether Defendants provided proper wage notices, at date of hiring and annually thereafter, informing Plaintiff and Class members of their proper rates of compensation and other information required to be provided on wage notice, as required under State's Labor Law;

f.   Whether Defendants provided Plaintiff and Class members proper wage statements with each payment of wages, as required under State's Labor Law;

g.   Whether Defendants properly compensated Plaintiff and Class members for all hours worked, including overtime hours; and

h.   Whether Defendants properly compensated Plaintiff and Class members for owed statutory premiums.

## **STATEMENT OF FACTS**

28.    In or about the summer of 2019, Plaintiff  JOSEPH was hired by Defendants to work as a Security Guard and was assigned to perform duties at five (5) separate buildings owned by Defendants' clients, including a building located at 325 East 25th Street, New York, New York 10010 and 710 East 9th Street, New York, New York, 10009.  Plaintiff's employment with the Defendants was terminated on or about April 12, 2022.

29.    Throughout his employment with Defendants, Plaintiff JOSEPH was regularly scheduled to work forty (40) hours per week and had a regular work schedule of Mondays to Fridays from 8:00 a.m. to 4:00 p.m.

30.     Plaintiff JOSEPH was paid at a base rate of $15.50 per hour until January 2020, after which he earned a base rate of $17.00 per hour until the end of his employment. FLSA Collective Plaintiffs and Class members were all compensated at similar rates throughout their employment.

31.     Throughout Plaintiff JOSEPH's employment with Defendants, Plaintiff JOSEPH was not compensated for all of the hours he worked for Defendants.  Instead, Defendants only compensated employees for their scheduled hours.  However, Plaintiff JOSEPH was required stay ten (10) to thirty (30) minutes past his scheduled shift on a daily basis as he was required to wait at his post for a relief guard to arrive before leaving.

32.     Even if a relief guard arrived on-time, Plaintiff would still be required to stay at his post to engage in turnover duties.  Prior to being permitted to leave the premises, Plaintiff had a list of tasks and duties, which must be conducted after an employees' relief arrives, but before the employee is permitted by Defendants to leave.  One of the duties is to brief incoming personnel of all incidents and exceptions to the norm, which were observed during the prior shift.

33.     Similarly, FLSA Collective Plaintiffs and Class members were also required to stay at their posts waiting for incoming personnel, and then forced engage in turnover duties without compensation.

34.     Defendants' pay practices clearly did not allot for or allow for any overlap for employees working back-to-back shifts. However, Defendants' policies and procedures required two guards to be on duty at the same time whenever a shift change occurred for purposes of debriefing. As Defendants pay practices would only compensate one guard during this shift change, one guard was always required to work off the clock.

35.     Further, Defendants implemented an unlawful policy of deducting an entire hour from Plaintiff, FLSA Collective Plaintiff and Class members' compensable hours, when they arrived more than ten (10) minutes late to their shifts.

36.     Plaintiff, FLSA Collective Plaintiffs, and Class members were not paid at the overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty (40) hours per workweek, due to time-shaving.

37.     During the first year of his employment with Defendants, Plaintiff JOSEPH often worked double shifts multiple times a week, which would last sixteen (16) hours. However, Plaintiff JOSEPH was never compensated with his spread of hours premium for the days he worked double shifts. Similarly, Class Members were not compensated with their spread of hours premiums when working shifts of more than ten (10) hours.

38.     Defendants did not provide Plaintiff and Class members with proper wage statements, as they failed to accurately provide all the hours Plaintiff and Class Members worked at all relevant times. Similarly, Class members also did not receive proper wage statements, in violation of NYLL. Plaintiff, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

39.     Defendants knowingly and willfully operated their business with a policy of not properly compensating either FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs, and Class members. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under New York Labor Law.

40.     Defendants failed to provide proper wage notices to employees, including rate of overtime compensation, among others, at the beginning of employment and annually thereafter, pursuant to the requirements of New York Labor Law.

41.     Due to these unlawful acts of Defendants, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action.

42.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

43.     Plaintiff reavers and realleges by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

44.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

45.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

46.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

47.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

48.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

49.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due. Defendants knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

50.     At all relevant times, Defendants had a policy and practice of failing to pay the proper overtime premium to FLSA Collective Plaintiffs for their hours worked.

51.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

52.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

53.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF NEW YORK LABOR LAW**

54.     Plaintiff reavers and realleges by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of New York Labor Law, §§ 2 and 651.

56.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

57.     Furthermore, Defendants willfully violated Plaintiff and Class Members' rights by refusing to compensate them for off-the-clock hours during which they were required to work.

58.     Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiff and Class Members, in direct violation of New York Labor Law.

59.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay spread-of-hours premium to Plaintiffs and Class members for each workday that exceeded ten (10) hours in length.

60.     Defendants failed to provide proper wage statements with every payment issued to Plaintiff and Class Members, as required by New York Labor Law § 195(3).

61.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Defendants are required to provide itemized listings of deductions taken on each wage statement. Moreover, with respect to all employees, Defendants failed to provide wage statements that satisfied statutory

requirements under NYLL because Defendants failed to disclose the proper overtime rate of pay and overtime hours worked.

62.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, including overtime, due to time-shaving, unpaid spread-of-hours premium, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW

63.     Plaintiff reallege and reaver by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

64.     At all relevant times, Class members who worked at Defendants' sites located in New Jersey were employed by the Defendants within the meaning of the New Jersey Wage and Hour Law.

65.     At all times relevant hereto, Defendants were the "employer" of Class members who worked at Defendants' sites located in New Jersey, as defined in the New Jersey Wage and Hour Law.

66.     At all relevant times, Class members who worked at Defendants' sites located in New Jersey were not exempt from the minimum wage provisions of the New Jersey Wage and Hour Law.

67.     At all relevant times, Defendants had a policy and practice of failing to pay Class members who worked at Defendants' sites located in New Jersey proper wages and overtime for all of their hours worked due time shaving.

68.     Due to the Defendants' New Jersey Wage and Hour Law violations, Class members who worked at Defendants' sites located in New Jersey are entitled to recover from Defendants unpaid minimum wages and overtime pay, pursuant to the New Jersey Wage and Hour Law.

## COUNT IV

## N.Y. BUS. CORP. LAW § 630(A) AND/OR NEW YORK LIMITED LIABILITY COMPANY LAW § 609(C)

69.     Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

70.     Pursuant to N.Y. Bus. Corp. Law § 630(a) and/or New York Limited Liability Company Law § 609(c), Plaintiff and Class members intend to hold liable the 10 largest shareholders of Defendant(s) should the Defendant(s) be unable to satisfy any judgment entered in or relating to this matter.

71.     Plaintiff and Class members intends to hold the 10 largest shareholders liable under N.Y. Bus. Corp. Law § 630(a) and/or New York Limited Liability Company Law § 609(c) in their capacity as shareholders for all wages, debts, or salaries due to Plaintiff and Class members.

72.     Further, pursuant to N.Y. Bus. Corp. Law § 630(a), Plaintiff and Class members demand an examination of the record of shareholders under paragraph (b) of section 624 (Books and records;  right of inspection, prima facie evidence).

73.     Upon an unsatisfied judgement against Defendant(s) in this matter, Plaintiff and Class members will be entitled to recover the full amount of owed monies from the 10 largest shareholders of Defendant(s).

74.     This count shall serve as written notice to the 10 largest shareholders of Defendant(s), who as of today remain unidentified to Plaintiff and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation, due to Defendants' policy of time-shaving under FLSA and State wage laws;

d.  An award of unpaid spread-of-hours premium due under the FLSA and State wage laws;

e.  An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under FLSA and State wage laws;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage, overtime compensation, and spread-of-hours premium pursuant to the FLSA and State wage laws;

g.  An award of prejudgment and post-judgment interest, costs and expenses of this action, together with reasonable attorney's and expert fees and statutory penalties;

h.  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiff as Representative of the Class; and

k.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: July 12, 2022                              Respectfully submitted,

By:   */s/ C.K. Lee*
          C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*